UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re IMMUNE RESPONSE SECURITIES LITIGATION ) ) ) | Master File No. 01-CV-1237-J(WMc) |
| ) | <u>CLASS ACTION</u> |
| This Document Relates To: ) ) ) | FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| ALL ACTIONS. ) ) | |

This matter came before the Court for hearing pursuant to an Order of this Court, dated March 14, 2007, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated October 3, 2006 (the "Stipulation"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the settlement, including all Members of the Class.

3. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class, the Complaint, the Litigation, and all claims contained therein, including all of the Released Claims, are, hereby dismissed without costs and with prejudice in full

and final discharge of any and all claims belonging to Lead Plaintiffs and the other Members of the Class that were or could have been asserted as against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court, in its May 31, 2007, Order, approved the settlement set forth in the Stipulation and found that said settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiffs, the Class and each of the Class Members. This Court further found the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, the Class Members and the Defendants. Accordingly, the settlement embodied in the Stipulation has been approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are directed to perform the terms of the Stipulation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court has certified, for purposes of effectuating this settlement, a Class of all persons who purchased Immune Response Corporation publicly traded securities at any time during the period between May 17, 1999 and July 6, 2001, inclusive. Excluded from the Class are the Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, directors and officers of Immune Response Corporation and Agouron Pharmaceuticals, Inc., and the legal representatives, heirs, administrators, successors, or assigns of any such excluded person. Also excluded from the Class are those persons who timely and validly requested exclusion from the Class pursuant to the Notice of Pendency of and Proposed Settlement of Class Action.

6. With respect to the Class, this Court finds for the purposes of effectuating this settlement that (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the

interests of the Members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

7. Upon the Effective Date, the Lead Plaintiffs and each of the Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such Lead Plaintiff or Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons and shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting any such Released Claim, whether or not such Class Member executes and delivers the Proof of Claim and Release.

8. Any and all Claims for contribution, however denominated, by any person arising out of the Litigation against the Released Persons are permanently barred, enjoined, and finally discharged as provided by 15 U.S.C. §78u-4(f)(7)(A).

9. Any and all Claims for contribution, however denominated, by any Released Person arising out of the Litigation against any Person are permanently barred, enjoined, and finally discharged as provided by 15 U.S.C. §78u-4(f)(7)(A).

10. All Class Members are hereby forever barred and enjoined from instituting or prosecuting any other action against the Released Persons in any court or tribunal asserting any Released Claim.

11. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and their counsel from all claims (including

1  Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution,
2  assertion, settlement or resolution of the Litigation or the Released Claims.

3        12.    The distribution of the Notice of Pendency of and Proposed Settlement of Class
4  Action and the publication of the Summary Notice as provided for in the Order: 1) Certifying Class;
5  2) Granting Preliminary Approval of Class Action Settlement; 3) Approving Notice to Class
6  Members of Class Certification and Proposed Settlement; and 4) Setting Fairness Hearing
7  constituted the best notice practicable under the circumstances, including individual notice to all
8  Members of the Class who could be identified through reasonable effort.  Said Notice provided the
9  best notice practicable under the circumstances of those proceedings and of the matters set forth
10 therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such
11 notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23,
12 Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by
13 the Private Securities Litigation Reform Act of 1995, the requirements of due process, and any other
14 applicable law.

15       13.    Any plan of allocation submitted by Lead Counsel or any order entered regarding the
16 attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall
17 be considered separate from this Final Judgment.

18       14.    Neither the Stipulation nor the settlement contained therein, nor any act performed or
19 document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be
20 deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim,
21 or of any wrongdoing or liability of the Defendants; (b) is or may be deemed to be or may be used as
22 an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal
23 or administrative proceeding in any court, administrative agency or other tribunal; or (c) is
24 admissible in any proceeding except an action to enforce or interpret the terms of the Stipulation, the
25 settlement contained therein, and any other documents executed in connection with the performance
26 of the agreements embodied therein.  Defendants and/or the other Released Persons may file the
27 Stipulation and/or this Judgment in any action that may be brought against them in order to support a
28 defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and

1  credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim
2  preclusion or issue preclusion or similar defense or counterclaim.

3      15.    Without affecting the finality of this Judgment in any way, this Court hereby retains
4  continuing jurisdiction over (a) implementation of this settlement and any award or distribution of
5  the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund;
6  (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d)
7  all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

8      16.    The Court finds that during the course of the Litigation, the Settling Parties and their
9  respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure
10 11.

11     17.    In the event that the settlement does not become effective in accordance with the
12 terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement
13 Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null
14 and void to the extent provided by and in accordance with the Stipulation and shall be vacated and,
15 in such event, all orders entered and releases delivered in connection herewith shall be null and void
16 to the extent provided by and in accordance with the Stipulation.

17 **IT IS SO ORDERED.**

19 DATED: 08/08/2007

THE HONORABLE NAPOLEON A. JONES, JR.
UNITED STATES DISTRICT JUDGE

21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

Submitted by:

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
EDWARD P. DIETRICH
ELLEN GUSIKOFF STEWART
ALEXANDRA S. BERNAY
ANDREA N. WILLIAMS


            s/ Ellen Gusikoff Stewart
         ELLEN GUSIKOFF STEWART

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058

WEISS & LURIE
JORDAN L. LURIE
ZEV B. ZYSMAN
10940 Wilshire Blvd., 23rd Floor
Los Angeles, CA  90024
Telephone:  310/208-2800
310/209-2348 (fax)

Co-Lead Counsel for Plaintiffs